UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANKO KRPIC,

      Plaintiff,

v.                                                  Case No. 8:20-cv-792-T-24 AEP

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

This cause comes before the Court on two motions: (1) Plaintiff's Motion to Remand (Doc. No. 8), which Defendant opposes (Doc. No. 9); and (2) Defendant's Motion for a Finding of Bad Faith (Doc. No. 10). As explained below, Defendant's motion is denied as moot and Plaintiff's motion is granted.

## I. Background

This case was originally filed in state court on April 11, 2019, and Defendant was served on April 25, 2019. The original complaint was filed in connection with a car accident that Plaintiff was involved in and contained one count for uninsured motorist benefits against Defendant.

In May of 2019, Defendant removed this case based on diversity jurisdiction. Thereafter, Plaintiff sought leave to amend the complaint to add a claim against the UBER driver of the car that Plaintiff had been riding in at the time of the accident. Issues arose regarding whether Plaintiff was domiciled in Florida at the time of removal, and if so, whether his proposed amendment against the Florida UBER driver was sought in order to defeat diversity jurisdiction. This Court held an evidentiary hearing, found that Plaintiff was a citizen of Florida at the time of

removal, found that the amendment was not sought to defeat diversity jurisdiction, and allowed Plaintiff to amend his complaint. On September 3, 2019, this Court remanded the case to state court due to a lack of diversity jurisdiction.

On April 6, 2020, Defendant removed this case a second time. Defendant initially asserted one removal theory in support of its second removal, but Defendant has since changed its removal theory and now argues that this Court has diversity jurisdiction because Plaintiff is and was an illegal alien as of the time of both removals. Therefore, Defendant contends that diversity jurisdiction exists, because Plaintiff is actually a citizen of his home country, Serbia. Defendant points to the transcript of Plaintiff's November 2019 deposition to support its diversity argument.

## II.  Defendant's Motion for a Finding of Bad Faith

In connection with the removal, Defendant filed a motion for the Court to find that Plaintiff acted in bad faith to prevent Defendant from removing this case. The purpose of this motion is to establish an exception to the one-year requirement for removing a case from state court, as set forth in 28 U.S.C. § 1446(c)(1).[1] However, the second removal comes within the one-year period, and as such, there is no need for the Court to determine whether Plaintiff acted in bad faith to prevent Defendant from removing this case. Accordingly, Defendant's motion is denied as moot.

## III.  Plaintiff's Motion to Remand

Plaintiff filed a motion to remand, arguing that: (1) this Court cannot reconsider its original remand order, in which it found Plaintiff to be a citizen of Florida; (2) Defendant cannot

---

[1] Section 1446(c)(1) provides: "A case may not be removed [based on an "other paper" showing that the case is removable] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

2

remove this case a second time on the same basis as the first removal; and (3) Defendant's second removal is untimely. As explained below, the Court agrees with Plaintiff's arguments and finds that remand is warranted.

Plaintiff is correct that the Court cannot reconsider its original remand order. See Hill v. National Ins. Underwriters, Inc., 641 Fed. Appx. 899, 903 (11th Cir. 2016)(stating that district courts are barred from reconsidering their own remand orders once they are issued). Defendant is essentially asking the Court to consider new evidence and reconsider its prior ruling that Plaintiff is a Florida citizen (and thus, diversity jurisdiction does not exist). The Court will not reconsider its prior remand order.

Additionally, Defendant is barred from removing this case a second time on the same ground as the first removal. See Watson v. Carnival Corp., 436 Fed. Appx. 954, 955 (11th Cir. 2011). As explained in Watson:

> "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." In other words, "'[a] defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal ....*'"

Id. at 956-56 (internal citations omitted)(emphasis in original).

Defendant's basis for removal is the same as before—Defendant is challenging Plaintiff's citizenship. The Court already held an evidentiary hearing on this issue prior to issuing its remand order. Defendant's attempt to relitigate this issue with new evidence is simply an attempt to "circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which simply supplies evidentiary support for the argument that the previous remand

order was incorrect."[2]  Nicholson v. National Accounts, Inc., 106 F. Supp.2d 1269, 1271 (S.D. Ala. 2000).  If the Court were to consider and accept Defendant's argument for diversity jurisdiction—that Plaintiff is a citizen of Serbia and thus diverse from Defendant—the Court would have to vacate its prior finding that Plaintiff is a citizen of Florida.

Finally, even assuming that Defendant had set forth a new basis for removal, the Court agrees with Plaintiff that Defendant's second removal is untimely.  Defendant stated that it learned of the facts that provided the basis for the second removal during Plaintiff's November 2019 deposition and that it received the transcript of Plaintiff's deposition on November 23, 2019.  (Doc. No. 12).   Pursuant to §1446(b)(3), in order for removal to be timely, Defendant must have removed this case within 30 days after receipt of "other paper" from which it could first be ascertained that the case was removable.  Receipt of Plaintiff's deposition transcript is the "other paper" that would trigger the 30-day clock for removal.  See Morgan v. Huntington Ingalls, Inc., 879 F.3d 602, 612 (5th Cir. 2018).  Defendant removed this case a second time on April 6, 2020—more than 30 days after its receipt of Plaintiff's deposition transcript. Accordingly, the removal was not timely and remand in required.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Plaintiff's Motion to Remand (Doc. No. 8) is **GRANTED**.

(2)   Defendant's Motion for a Finding of Bad Faith (Doc. No. 10) is **DENIED AS MOOT**.

(3)   The Clerk is directed to **REMAND** this case to state court and then to **CLOSE** this case.

---

[2] Section 1447(d) provides, in relevant part, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

DONE AND ORDERED at Tampa, Florida, this 2nd day of May, 2020.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record